UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LILY PRODUCE INC.,

                                  Plaintiff,

              - against -

NAFIZ INC. t/a DESI FOOD MARKET #1,
109-19 FOOD CORP. t/a DESI FOOD MARKET #2,
and SHEAK RIPON,

                                Defendants.
-------------------------------------------------------------------X

Case No. 15-cv-6305 (RJD)(JO)

**STIPULATION AND ORDER**

      Plaintiff Lily Produce Inc. ("Lily Produce" or "Plaintiff") and defendants Nafiz Inc. t/a Desi Food Market #1 ("Nafiz"), 109-19 Food Corp. t/a Desi Food Market #2 ("109-19") and Sheak Ripon ("Ripon") (Nafiz, 109-19 and Ripon collectively, "Defendants") (Plaintiff and Defendants, the "Parties"), hereby agree and stipulate to the following:

      1.     Plaintiff is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a, *et seq.* ("PACA"), of Defendants, jointly and severally, for a debt in the principal amount of $26,565.90, plus accrued interest in the amount of $2,165.67 at the rate of 18% *per annum* through December 22, 2015 and reasonable attorneys' fees and legal expenses incurred by Plaintiff in the amount of $3,500.00 for a total debt under PACA in the amount of $32,413.37 (the "PACA Trust Debt").

      2.     For full and final satisfaction of Plaintiff's claims, subject to the terms and conditions of this Stipulation and Order, Defendants shall pay to Plaintiff the sum of $27,000.00 (the "Settlement Amount") as follows: $1,000.00 per week commencing December 25, 2015, with successive payments of $1,000.00 per week being made on or before the Friday of each week until the Settlement Amount is paid in full with a final payment of $1,000.00 on June 3, 2016.  Each payment under this Stipulation and Order shall paid so as to be received on or before 3:00 PM on

the date due, TIME BEING OF THE ESSENCE.  Plaintiff acknowledges having received from Defendants 27 checks in the amount of $1,000.00 each.  The Parties understand and agree that Plaintiff shall deposit one check each week according to the payment schedule set forth above.

3. In the event that Defendants default in their payment obligations as set forth in Paragraph 2 above, or if a default occurs because the funds necessary to honor the instrument tendered for payment are unavailable or insufficient for any reason, then upon the filing with the Court of a declaration as to such default by Plaintiff's attorney, with a copy thereof to Defendants' counsel via email at grazlaw78@gmail.com, this Court shall immediately enter a Final Order and Judgment in the form attached hereto as Exhibit A.  The judgment amount prescribed in the Final Order and Judgment in favor of Plaintiff and against Defendants Nafiz, 109-19 and Ripon, jointly and severally, shall be the amount of the PACA Trust Debt set forth in Paragraph 1 above plus any additional attorneys' fees and costs incurred by Plaintiff as a result of Defendants' default, plus all interest accrued at the rate of 18% *per annum*, less any payments made to Plaintiff pursuant to this Stipulation and Order.

4. The Parties' agreement to the payments set forth in Paragraph 2 above is without prejudice to Plaintiff's standing as a qualified PACA trust creditor and beneficiary as set forth in Paragraph 1 above and nothing herein shall be deemed a waiver of those rights as contemplated by 7 C.F.R. 46.46(c)(2) and 7 C.F.R. 46.46(e)(3).  The original credit terms between the Parties are not intended to be modified, nor are they modified by this Settlement Agreement.  Nothing herein shall be deemed, interpreted or otherwise construed as an extension of credit by Plaintiff to Defendants, nor as a waiver of Plaintiff's rights under the PACA statutory trust as set forth in 7 U.S.C. § 499e(c), and Plaintiff's rights under this Settlement Agreement are in addition to its rights under said trust.

- 3 -

5. This Stipulation and Order may be executed by the Parties, or by the Parties' authorized counsel acting with active authority from their principals, in Counterparts, and collectively all signed Counterparts represent one agreement. Facsimile or electronic signatures shall be deemed originals for all purposes.

6. The Parties acknowledge having had a sufficient opportunity to discuss this Stipulation and Order with their respective attorneys, and having availed themselves of that opportunity to the extent they desired to do so.

7. The Court shall retain jurisdiction over this action and the parties during the pendency of the application of this Stipulation and Order in order to enforce the terms and conditions hereof.

8. This case shall be administratively closed, but may be reopened to enforce the terms and conditions of the Stipulation and Order without further costs or fees.

9. This Stipulation and Order constitutes the entire understanding of the Parties and may not be changed unless in a written agreement signed by all parties or their representatives.

//
//
//
//
//
//
//
//
//
//

//
//
//
//
//
//
//
//
//
//



10. Plaintiff's failure to exercise, or delay in exercising, any right, power or privilege under this Stipulation and Order shall not operate as a waiver; nor shall any single or partial exercise of any right, power or privilege preclude any other or further exercise thereof.

IT IS SO AGREED AND APPROVED AS TO FORM AND CONTENT:

Dated this 15th day of ~~December, 20~~ JANUARY, 2016 15.

| Attorneys for Plaintiff | Attorneys for Defendants |
|---|---|
| McCarron & Diess | Frank M. Graziadei, P.C. |
| By: _____ | By: _____ |
| Gregory Brown | Frank M. Graziadei |
| 707 Walt Whitman Road, 2nd Floor | 130 Water Street, Suite 10B |
| Melville, New York 11747 | New York, New York 10005 |
| (631) 425-8110 | (212) 785-0885 |
| gbrown@mccarronlaw.com | grazlaw78@gmail.com |

**SO ORDERED:**

ENTERED this _____ day of _____, 201___.

_____
Hon. Raymond J. Dearie, U.S.D.J.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LILY PRODUCE INC.,

                                Plaintiff,

            - against -

NAFIZ INC. t/a DESI FOOD MARKET #1,
109-19 FOOD CORP. t/a DESI FOOD MARKET #2,
and SHEAK RIPON,

                              Defendants.
-----------------------------------------------------------------X

Case No. 15-cv-6305 (RJD)(JO)

**FINAL ORDER
AND JUDGMENT**

      THIS MATTER having come before the Court on Plaintiff's application for a Final Order and Judgment; and it appearing that pursuant to the terms of the Stipulation and Order previously filed in this action, this Court is to enter this Final Order and Judgment immediately upon the filing of a declaration by Plaintiff's attorney which states that payment has not been made by Defendants as required by the Stipulation and Order and Defendants have failed to cure the default in payment; and it appearing that Plaintiff's attorney has filed such a declaration and that Defendants have failed to make payment and to cure that default in accordance with the Stipulation and Order; and for good cause shown;

      IT IS on this _____ day of _____, 2016,

      **ORDERED, ADJUDGED, AND DECREED**, that Plaintiff Lily Produce Inc. ("Plaintiff"), is a qualified trust creditor and beneficiary under the provisions of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a *et seq*. ("PACA"), of Defendants Nafiz Inc. t/a Desi Food Market #1, 109-19 Food Corp. t/a Desi Food Market #2 and Sheak Ripon (collectively, "Defendants"), jointly and severally, for a debt in the amount of $_____, plus interest in the amount of $_____ and reasonable attorneys' fees, for a total judgment amount of

$_____ under the trust provisions of the PACA, 7 U.S.C. § 499e(c); and it is further

**ORDERED** that Defendants shall within five (5) business days of service of this Order, turnover any and all funds realized from the sale of produce or products derived from produce in their possession to McCarron & Diess, attorneys for Plaintiff, located at 707 Walt Whitman Road, Second Floor, Melville, New York, 11747, for distribution to Plaintiff; and it is further

**ORDERED** that any and all funds belonging to Defendants, in the possession of third parties shall be immediately turned over to McCarron & Diess, attorneys for Plaintiff, located at 707 Walt Whitman Road, Second Floor, Melville, New York, 11747, for distribution to Plaintiff; and it is further

**ORDERED** that any and all funds owed to Defendants for produce or produce related items shall be paid directly to McCarron & Diess, attorneys for Plaintiff, located at 707 Walt Whitman Road, Second Floor, Melville, New York, 11747, when due for distribution to Plaintiff; and it is further

**ORDERED** that Defendants shall supply to Plaintiff's attorney, within five (5) days of the date of this Order, any and all documents in connection with the assets and liabilities of Defendants and their related and subsidiary companies, including, but not limited to, the most recent balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records and income tax returns.

ENTERED this \_\_\_\_\_ day of _____, 2016.

_____
Hon. Raymond J. Dearie, U.S.D.J.